IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW C. HUBAKER, | ) | CASE NO. 1:09 CV 2608 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN, NOBLE CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral is the *pro se* petition of Matthew Hubaker for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Hubaker is currently incarcerated at Noble Correction Institution in Caldwell, Ohio, where he is serving a term of 18 years imprisonment imposed after he pled guilty to one count of aggravated arson and one count of felonious assault and was subsequently convicted of these offenses at the Lake County Court of Common Pleas.[2]

In his petition, Hubaker raises seven grounds for relief.[3] The State, in its return of the writ, argues that the petition should be dismissed with respect to six of these grounds and that the remaining ground, Ground Five, should be stayed in order for Hubaker to exhaust his

---

[1] ECF # 1.

[2] *Id.* at 1.

[3] *Id.* at 7-42.

remedies in state court.[4] Hubaker filed a *pro se* traverse,[5] and thereafter this Court ordered that proceedings be stayed until all state claims were exhausted.[6]

Subsequently, all state claims were exhausted, this Court lifted the stay,[7] and the State then supplemented its return of the writ, contending that ground five was also procedurally defaulted.[8] For the reasons that follow, I recommend finding that Hubaker's petition should be dismissed in full as procedurally defaulted.

## Statements of Facts and of the Case

**A.    The underlying facts and the state trial**

The underlying facts that follow come from the decision of the Ohio Court of Appeals.[9] Two separate incidents gave rise to Hubaker's convictions, both of which occurred while he was on probation for a similar crime.[10] The first incident took place on September 13, 2006, when Hubaker, while in a state of intoxication, set fire to the K&S Auto Body Shop. The second incident took place on October 18, 2006, when Hubaker, in an

---

[4] ECF # 9.

[5] ECF # 11.

[6] ECF # 12.

[7] ECF # 15.

[8] ECF # 17.

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[10] ECF # 9, Ex. 13 (state court record) at 109.


attempt to locate his drug dealer in order to purchase cocaine, broke into the next door apartment. Hubaker then stabbed the victim, who was dozing in his reclining chair, multiple times in the throat, and also punctured the man's abdomen. Hubaker then stole prescription medicine from the victim's apartment.[11]

In conducting their investigation of these crimes, Lake County detectives received information from a family member of Hubaker regarding a note that he had authored, entitled "Confessions of a Sociopath, My Confessions." Subsequent investigations linked Hubaker to the crimes, and he was soon after apprehended.[12]

Hubaker was indicted by the Lake County Grand Jury on five counts: aggravated arson, a first degree felony in violation of Ohio Revised Code § 2909.02(A)(1); arson, a fourth degree felony in violation of Ohio Revised Code § 2909.03(A)(1); attempted murder, a felony of the first degree in violation of Ohio Revised Code § 2923.02; and two counts of felonious assault, one in violation of Ohio Revised Code § 2903.11(A)(1) and the other in violation of Ohio Revised Code § 2903.11(A)(2), both felonies of the second degree.[13]

On July 26, 2007, Hubaker pled guilty to one count of aggravated arson, a first degree felony in violation of Ohio Revised Code § 2909.02(A)(1), and one count of felonious assault, a second degree felony in violation of Ohio Revised Code § 2903.11(A)(2). The

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 108-09.

court entered a nolle prosequi on all other counts, and the matter was referred to the Adult Probation Department for a pre-sentence investigation.[14]

At the sentence hearing on August 27, 2007, Hubaker was sentenced for a total prison term of 18 years, a 10-year term on the count of aggravated arson and an 8-year consecutive term on the count of felonious assault.[15] At arraignment, plea, and sentencing, Hubaker was represented by Christopher Tucci.[16]

## B.     Direct Appeal and other post-conviction motions

### 1.     *Ohio Court of Appeals*

Tucci, on behalf of Hubaker, filed a timely notice of appeal to the Eleventh District Court of Appeals, Lake County, challenging the conviction.[17] The appeal raised a single assignment of error: "The trial court erred by sentencing the defendant-appellant to more-than-the-minimum term of imprisonment."[18] The State filed a brief in response.[19]

### 2.     *First post-conviction motion and Rule 26(B) pleading*

Prior to a decision by the Eleventh District Court of Appeals, Hubaker filed two *pro se* actions. On February 8, 2008, Hubaker filed a motion in the Lake County Court of Common

---

[14] *Id.* at 109.

[15] *Id.* at 109-10.

[16] ECF # 1 at 43-44.

[17] ECF # 9, Ex. 9 (state court record) at 23.

[18] *Id.*, Ex. 10 (state court record) at 30.

[19] *Id.*, Ex. 11 (state court record) at 37.

Pleas to withdraw his guilty pleas on the grounds that he entered the pleas "improvidently, without the effective advice of counsel, and without understanding the nature of the charge, the effect of the plea, or his rights."[20] On March 27, 2008, Hubaker filed a pleading "Ineffective Assistance of Appellate Counsel Motion, or Motion Substitution of Initial Brief" in the Eleventh District Court of Appeals wherein he alleged that his appellate attorney had failed to present all meritorious issues on appeal.[21]

### 3.    *Ohio Court of Appeals decisions*

On April 14, 2008, the Eleventh District Court of Appeals affirmed the judgment of the trial court.[22] On April 15, 2008, the same court construed Hubaker's "Ineffective Assistance of Appellate Counsel Motion, or Motion Substitution of Initial Brief" as an Ohio Appellate Rule 26(B) Application and denied it on three grounds: (1) that Hubaker was still being represented by counsel, (2) that the application was untimely, and (3) that the application did not include a sworn statement as required under Ohio Appellate Rule 26(B)(2)(d).[23]

---

[20] *Id*., Ex. 15 (state court record) at 119.

[21] *Id*., Ex. 12 (state court record) at 49.

[22] *Id*., Ex. 13 (state court record) at 108.

[23] *Id*., Ex. 14 (state court record) at 116-17.

*4.     Second post-conviction motion*

On May 1, 2008, Hubaker filed a petition in the Lake County Court of Common Pleas to vacate or set aside judgment of conviction or sentence.[24] In this petition, Hubaker presented the same arguments as those he asserted in his "Ineffective Assistance of Appellate Counsel Motion, or Motion Substitution of Initial Brief."[25]

*5.     Ohio Supreme Court*

On July 10, 2008, Hubaker filed a *pro se* notice of appeal[26] and motion for delayed appeal[27] to the Ohio Supreme Court. The motion was granted.[28] Thereafter, Hubaker failed to file a timely memorandum in support of jurisdiction, and the Ohio Supreme Court dismissed the case *sua sponte*.[29] Hubaker's subsequent motion for reconsideration was denied.[30]

*6.     Exhaustion of state claims*

Subsequent to Hubaker filing his November 2009 petition for writ of habeas corpus, as outlined below, this Court, on September 24, 2010, issued an order staying proceedings

---

[24] *Id.*, Ex. 17 (state court record) at 131.

[25] *Id.*, Ex. 17 (state court record) at 142-96.

[26] *Id.*, Ex. 19 (state court record) at 248.

[27] *Id.*, Ex. 20 (state court record) at 250.

[28] *Id.*, Ex. 21 (state court record) at 269.

[29] *Id.*, Ex. 22 (state court record) at 270.

[30] *Id.*, Ex. 24 (state court record) at 282.

until Hubaker had exhausted all outstanding state remedies.[31] On November 8, 2010, Lake County Court of Common Pleas denied both Hubaker's motion to withdraw guilty pleas and his petition to vacate or set aside judgment of conviction or sentence.[32] "Hubaker then filed another post-conviction motion that was denied without a hearing on December 21, 2011. Hubaker then filed, but withdrew, appeals from that decision in the state appeals court and the Supreme Court of Ohio."[33] Acknowledging that all outstanding post-conviction state claims had been exhausted, this Court, on April 3, 2012, lifted the stay ordered September 24, 2010.[34]

**C.    Petition for writ of habeas corpus**

*1.    Hubaker's Petition*

On November 16, 2009, Hubaker filed a *pro se* federal petition for habeas relief.[35] As noted above, he raises seven grounds for relief::

1. Defendant-Appellant's [sic] Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States were violated when the trial court sentenced Defendant-Appellant to maximum consecutive terms of imprisonment, and was denied equal protection and due process of the law.[36]

---

[31] ECF # 12.

[32] ECF # 13, Ex. 1 at 443.

[33] ECF # 15 at 455.

[34] *Id.*

[35] ECF # 1.

[36] *Id.* at 7.

2. Defendant-Appellant's Fifth, Sixth, and Fourteenth Amendment rights were violated when authorities continued to compel Defendant-Appellant to be a "witness" against "himself" by coercing him to make a lengthy confession, even after defendant had requested the assistance of counsel, and had written and filed an "Invocation of Rights" document prior to being questioned, asserting [sic] his wish to not be questioned by authorities without counsel present.[37]

3. Defendant-Appellant's conviction is unconstitutional as there is insufficient evidence for conviction of O.R.C. § 2909.02(A)(1) Aggravated Arson and O.R.C. §2903.11(A)(1) Felonious Assault resulting in Defendant-Appellant being denied his Fourth, Fifth, and Fourteenth Amendment rights.[38]

4. Defendant-Appellant's IV and XIV Amendment rights were denied to him by the obtaining of an illegal confession without probable cause and arrest warrant. Authorities coerced confession from Defendant-Appellant and stated verbally and in writing (filed "Invocation of Rights") that he not be questioned by authorities. (Brown v. Illinois violation).[39]

5. Defendant-Appellant has been deprived his constitutional right to effective assistance of trial counsel, and through that, deprived his Fifth, Sixth, and Fourteenth Amendment rights.[40]

6. Defendant-Appellant was deprived of his constitutional rights to due process, equal protection of the law, and his Sixth Amendment rights when ineffective trial counsel continued to act as appellate counsel, prejudicing Defendant-Appellant as counsel failed to develop any sort of meritable defense, and was unlikely to argue his own ineffectiveness. This had the ultimate effect of rendering Defendant-Appellant's only direct appeal as of right mute.[41]

---

[37] *Id*. at 16.

[38] *Id*. at 19.

[39] *Id*. at 28.

[40] *Id*. at 34.

[41] *Id*. at 38.

      7.      Petitioner was denied his Fourteenth Amendment rights of due process of law and equal protection when the Ohio Supreme Court dismissed his memorandum in support of jurisdiction on the grounds that a time deadline was not met, even though, by law, petitioner did meet said deadline.[42]

### *2.  The State's return of writ*

The State in its return of the writ argues that Grounds One, Two, Three, Four, and Six are defaulted and that Ground Seven fails to establish cause for the procedural default in Ground One. With regard to Ground Five, the State moved that consideration of the federal habeas petition be stayed because of the two still-pending state claims, the February 8, 2008, motion to withdraw guilty pleas, and the May 1, 2008, petition to vacate or set aside judgment of conviction or sentence,[43] which relate to the issues raised in Ground Five. Accordingly, on September 24, 2010, this Court issued an order staying further proceedings so that Hubaker could exhaust all state remedies on his two pending claims.[44] All state claims have subsequently been exhausted, and on April 3, 2012, this Court lifted the stay.[45]

### *3.  Supplemental return of the writ*

Subsequent to the lifting of the stay, the State filed a supplemental return of the writ contending that Ground Five is meritless, because the state trial court found, under

---

[42] *Id*. at 41.

[43] ECF # 9.

[44] ECF # 12.

[45] ECF # 15

*Strickland*, that there was no ineffective assistance of counsel at trial.[46] The State also argues that Ground Five should be dismissed as procedurally defaulted because, after the trial court denied this claim, Hubaker never appealed that denial to the Ohio appeals court.[47]

### 4.     *Hubaker's opposition/traverse and response to supplement of the return*

Hubaker filed in initial opposition/traverse[48] and then a response to the State's supplement to the return of the writ.[49]

## Analysis

### A.     **Preliminary observations**

Before addressing the claims advanced in the petition and the arguments set forth by the State, I make the following preliminary observations:

1. There is no dispute that Hubaker is currently in the custody of the State of Ohio under terms of a sentence imposed by an Ohio court after the acceptance of his guilty plea. Moreover, there is no dispute that Hubaker was so incarcerated at the time he filed this petition for federal habeas relief. Thus, I recommend finding that Hubaker was "in custody" under terms of the statute vesting this Court with jurisdiction over this petition.[50]

---

[46] ECF # 17 at 1-3.

[47] *Id*. at 3-4.

[48] ECF # 11.

[49] ECF # 19.

[50] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

2. As noted, there is no dispute that this petition was timely filed within one year of the conclusion of direct review of Hubaker's claims for relief by the Ohio courts.[51]

3. Moreover, it appears that Hubaker has totally exhausted the grounds for relief asserted here.[52]

4. In addition my own review of this Court's docket establishes that this is not a second or successive petition for habeas relief as concerns the conviction and sentence challenged here.[53]

5. Finally, Hubaker has not sought an evidentiary hearing[54] nor the appointment of counsel.[55]

**B.     Standard of review – procedural default**

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[56]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

---

[51] 28 U.S.C. § 2254(d)(1).

[52] 28 U.S.C. § 2254(b),(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[53] *See*, 28 U.S.C. § 2244(b); *In re Smith*, 690 F.3d 809 (6th Cir. 2012).

[54] *See*, 28 U.S.C. § 2254(h).

[55] *See*, 28 U.S.C. § 2254(e)(2).

[56] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

 (1) Does a state procedural rule exist that applies to the petitioner's claim?

 (2) Did the petitioner fail to comply with that rule?

 (3) Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

 (4) Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[57]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[58]

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[59] In addition, procedural default may also be excused by a showing of actual innocence.[60]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state

---

[57] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[58] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[59] *Hicks v. Straub*, 377 F.3d 538, 551-52 (6th Cir. 2004) (citations omitted).

[60] *Id.*

procedural rule.[61] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[62] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[63]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[64] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[65]

**C.     Application of standard – the petition should be dismissed.**

The claims here should be dismissed as procedurally defaulted because of three separate failures to observe Ohio procedural rules that then precluded Ohio courts from addressing the merits of various claims.

---

[61] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[62] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[63] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[64] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[65] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

### *1.    Grounds One and Seven*

In Ground One, Hubaker argues that his sentence violated his equal protection and due process rights when the court imposed maximum consecutive sentences. He subsequently argues in Ground Seven that the Ohio Supreme Court denied him due process when it dismissed his appeal of the sentence for want of prosecution because Hubaker did not timely file his memorandum in support of jurisdiction – a failure, Hubaker alleges, that was due to delays in the prison mail system and so should be excused as beyond his control.

As discussed, Hubaker did appeal his claim involving the sentence to the Supreme Court of Ohio, which granted his motion to file a delayed appeal. When Hubaker's memorandum in support of jurisdiction was not timely filed, the Ohio Supreme Court dismissed the appeal for want of prosecution.

The State maintains that this ground is, therefore, procedurally defaulted and so should here be dismissed. Hubaker, in turn, contends that the cause for his late filing of the jurisdictional memorandum with the Ohio Supreme Court was a delay in the prison mail system and so should provide a cause to excuse the default, citing the prison mailbox rule of *Houston v. Lack*.[66]

The State notes that the prison mailbox rule does not apply to state courts, which are free to prescribe their own procedural rules.[67] The Sixth Circuit has recently re-emphasized

---

[66] *Houston v. Lack*, 487 U.S. 266 (1988).

[67] ECF # 9 at 12-13.

-14-

that fact specifically as regards the Supreme Court of Ohio. In *Hall v. Warden*,[68] the Sixth Circuit clearly stated the applicable rule and its consequences:

> [Petitioner's] petition for a delayed appeal [in the Supreme Court of Ohio] was not considered filed when he submitted it to his prison's mailroom. Indeed, this point was explicitly mentioned in the pro se guide created by the Ohio Supreme Court Clerk's Office. ("Documents, submitted by mail or some other delivery service, are not considered filed until they are received in the Supreme Court Office of the Clerk **and accepted for filing.** Therefore, if you submit documents by mail, you should send them far enough in advance of the due date so they arrive by the due date."(emphasis in original)). The guide even lists a telephone number for pro se litigants to call to confirm that the Ohio Supreme Court Clerk's Office has received their filings.
>
> Here, the lengthy delay between submission [to the prison mailroom] and filing has no apparent justification. But [petitioner] was on notice that the Ohio Supreme Court has expressly declined to adopt the prison-mailbox rule, thus placing on him the obligation to monitor the status of his motion for delayed appeal to ensure that it was timely filed.[69]

The rule stated in *Hall* is precisely applicable in this case. Hubaker's claim that his acknowledged procedural default in the Supreme Court of Ohio should now be excused by the prison mailbox rule is unavailing. As such, the claim presented here in Ground One should be dismissed as procedurally defaulted.

### *2.    Grounds Two, Three, Four and Six*

The State argues that under Ohio law the doctrine of *res judicata* bars a party from raising an issue on appeal if it could have been raised earlier but wasn't.[70] Moreover, the

---

[68] *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011).

[69] *Id*. at 753 (internal citations omitted).

[70] ECF # 9 at 13 (citing *State v. Szefcyk*, 77 Ohio St. 3d 93, 671 N.E.2d 233 (1996)).

State observes that under the Supreme Court's holding in *Edwards v. Carpenter*,[71] while ineffective assistance of appellate counsel may constitute cause to excuse a procedural default occurring on appeal, the ineffective assistance of appellate counsel claim itself must not be defaulted.[72]

Here, Grounds Two, Three and Four were never raised on direct appeal, and Hubaker's Rule 26(B) application asserting that his appellate counsel was ineffective for not so raising those claims was itself rejected for multiple reasons – including that it was untimely. The State thus maintains that Grounds Two, Three, and Four are defaulted under Ohio's doctrine of *res judicata* and that Ground Six is defaulted for untimeliness, among other reasons.[73] It further observes that the timeliness requirement for Rule 26(B) has been repeatedly held to be an adequate and independent state law ground on which to deny federal habeas review.[74]

Hubaker, for his part, asserts first that there was no default in this case because he did not need to have his claim reviewed by the state courts but only needed to bring his claim to

---

[71] *Edwards v. Carpenter*, 529 U.S. 446 (2000).

[72] *Id*. at 450-51.

[73] ECF # 9 at 13-16.

[74] *Scuba v. Brigano*, 527 F.3d 479, 488 (2007).

their attention.[75] He also contends that *res judicata* cannot apply here since he could not have brought these claims on direct appeal because he was still represented by his trial counsel.[76]

Hubaker misconstrues the two legal points he cites.

First, while it is true that a claim will be considered exhausted if it was fairly presented to the state's highest court even if that court did not address it,[77] that exhaustion principle has no application in this case. Here, it is clear from the record that Hubaker did not raise Grounds Two, Three and Four to the state court of appeals, let alone to the Ohio Supreme Court. As such, this argument is unavailing.

Second, Hubaker's analysis of the State's argument concerning *res judicata* is misleading and incomplete. Presented more fully, the State's position is that Hubaker needed to present his ineffective assistance of appellate counsel argument at the earliest opportunity, either in the form of a Rule 26(B) application to the appeals court or on direct appeal to the Ohio Supreme Court.[78] Thus, while Hubaker is correct that he could not file a Rule 26(B) application while his appellate counsel was still representing him, this argument does not address why Hubaker did not raise the ineffective assistance argument in a direct appeal to the Ohio Supreme Court, where Hubaker was proceeding *pro se.*

---

[75] ECF # 11 at 2.

[76] *Id.*

[77] *See*, *Clinkscale v. Carter*, 375 F.3d 430, 437-38 (6th Cir. 2004).

[78] ECF # 9 at 13.

In the end, Hubaker is left with the fact that Grounds Two, Three and Four were not presented to the Ohio courts, thus procedurally defaulting those claims absent cause for the default and prejudice. In addition, Hubaker has not refuted the fact that the Ohio courts were also not given an opportunity under their own procedural rules to consider the reason why those substantive claims were not advanced (Ground Six). Specifically, the ineffective assistance of appellate counsel claim was determined to be not timely filed as a Rule 26(B) application, and *res judicata* precludes such a claim from being brought because Hubaker did not bring it in a direct appeal to the Supreme Court of Ohio.

Therefore, for the reasons stated, I recommend finding that Grounds Two, Three and Four are procedurally defaulted and that Ground Six, the asserted cause for that default, is also procedurally defaulted. Thus, I recommend that these grounds be dismissed.

### *3.    Ground Five*

In this instance, the trial court denied Hubaker's post-conviction petition alleging ineffective assistance of trial counsel, but then Hubaker did not appeal from that decision to the Ohio appeals court. As the State observes, in that situation, Hubaker is without any further state remedies and the claim is procedurally defaulted.[79] Hubaker, in response, notes that he initially sought to appeal that decision of the trial court but then withdrew it after concluding that "any further appeal in the Ohio court's (sic) was frivolous and a waste of time, money and resources," because prior experience had convinced him that the State "had

---

[79] ECF # 17 at 3-4 (citing *State v. Nichols*, 11 Ohio St. 3d 40, 43, 463 N.E.2d 375, 378 (1984) (Ohio does not permit delayed appeals in post-conviction proceedings)).

no intent (sic) of conducting any kind of reasonable analysis and investigation into any of Petitioner's claims."[80]

Whatever Hubaker's subjective feelings about the merits of the Ohio judicial system, his voluntary abandonment of a direct appeal from the denial of his post-conviction motion is not an objective factor external to himself such as would constitute "cause" for failing to prosecute an appeal. Thus, on the uncontested facts and applying the clear teaching on procedural default, Hubaker has procedurally defaulted the claim raised in Ground Five and has not excused that default. I recommend, therefore, that this ground be dismissed.

## Conclusion

For the reasons stated above, I recommend that the petition of Matthew Hubaker for a writ of habeas corpus be dismissed in its entirety.

Dated: December 3, 2012                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[81]

---

[80] ECF # 19 at 2.

[81] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

no intent (sic) of conducting any kind of reasonable analysis and investigation into any of Petitioner's claims."[80]

Whatever Hubaker's subjective feelings about the merits of the Ohio judicial system, his voluntary abandonment of a direct appeal from the denial of his post-conviction motion is not an objective factor external to himself such as would constitute "cause" for failing to prosecute an appeal. Thus, on the uncontested facts and applying the clear teaching on procedural default, Hubaker has procedurally defaulted the claim raised in Ground Five and has not excused that default. I recommend, therefore, that this ground be dismissed.

## Conclusion

For the reasons stated above, I recommend that the petition of Matthew Hubaker for a writ of habeas corpus be dismissed in its entirety.

Dated:  December 3, 2012                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[81]

---

[80] ECF # 19 at 2.

[81] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).