PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW C. HUBAKER, | ) | |
| | ) | CASE NO. 1:09cv2608 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN, NOBLE CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF Nos. 20; 21] |

On December 3, 2012, Magistrate Judge William H. Baughman, Jr. issued a report

("R&R") recommending dismissal of *pro se* Petitioner Hubaker's Writ of Habeas Corpus in its

entirety.  ECF No. 20.  Petitioner timely objected on December 14, 2012.  ECF No. 21.

### I. Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the

district court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge must

determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to.  *Id.*  The district judge may: accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions.  *Id.*

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's report

and has considered Petitioner's objections.  The Court agrees with the recommendation of the

magistrate judge dismissing the petition.

### II. Background

Petitioner was indicted by the Lake County Grand Jury on five counts: aggravated

(1:09cv2608)

arson, a first degree felony in violation of Ohio Revised Code § 2909.02(A)(1); arson, a

fourth degree felony in violation of Ohio Revised Code § 2909.03(A)(1); attempted murder,

a felony of the first degree in violation of Ohio Revised Code § 2923.02; and two counts of

felonious assault, one in violation of Ohio Revised Code § 2903.11(A)(1) and the other in

violation of Ohio Revised Code § 2903.11(A)(2), both felonies of the second degree.  ECF No.

20 at 3.

On July 26, 2007, Petitioner pleaded guilty to one count of aggravated arson, a first

degree felony in violation of Ohio Revised Code § 2909.02(A)(1), and one count of felonious

assault, a second degree felony in violation of Ohio Revised Code § 2903.11(A)(2).  ECF No. 20

at 3.  At the sentencing hearing on August 27, 2007, Petitioner was sentenced for a total prison

term of 18 years, a 10-year term on the count of aggravated arson and an 8-year consecutive

term on the count of felonious assault.  ECF No. 20 at 4.  At arraignment, plea, and sentencing,

Petitioner was represented by an attorney.  ECF No. 20 at 4.

Petitioner's attorney filed a timely notice of appeal to the Eleventh District Court of

Appeals challenging the conviction.  ECF No. 20 at 4.  The appeal raised a single assignment of

error: "The trial court erred by sentencing the defendant-appellant to more-than-the-minimum

term of imprisonment."  ECF No. 20 at 4.

Prior to a decision by the Eleventh District Court of Appeals, Petitioner filed two *pro se*

actions: 1) a motion in the Lake County Court of Common Pleas to withdraw guilty pleas

because he entered the pleas "improvidently, without the effective advice of counsel, and without

understanding the nature of the charge, the effect of the plea, or his rights," and 2) a pleading

2

(1:09cv2608)

entitled "Ineffective Assistance of Appellate Counsel Motion, or Motion Substitution of Initial Brief" in the Eleventh District Court of Appeals wherein he alleged that his appellate attorney had failed to present all meritorious issues on appeal.  ECF No. 20 at 5.

On April 14, 2008, after considering the direct appeal, the Eleventh District Court of Appeals affirmed the judgment of the trial court.  ECF No. 20 at 5.  On April 15, 2008, the same court construed Petitioner's "Ineffective Assistance" brief as an Ohio Appellate Rule 26(B) Application and denied it on three grounds: (1) that Petitioner was still being represented by counsel, (2) that the application was untimely, and (3) that the application did not include a sworn statement as required under Ohio Appellate Rule 26(B)(2)(d).  ECF No. 20 at 5.

On May 1, 2008, Petitioner filed a petition in the Lake County Court of Common Pleas to vacate or set aside judgment of conviction or sentence.  ECF No. 20 at 6.  In this petition, Petitioner presented the same arguments as those he asserted in his "Ineffective Assistance" brief. ECF No. 20 at 6.

On July 10, 2008, Petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court.  ECF No. 20 at 6.  The motion was granted.  ECF No. 20 at 6. Thereafter, Petitioner failed to file a timely memorandum in support of jurisdiction, and the Ohio Supreme Court dismissed the case *sua sponte*.  ECF No. 20 at 6.  Petitioner's subsequent motion for reconsideration was denied.  ECF No. 20 at 6.

On November 16, 2009, Petitioner filed a *pro se* Federal petition for habeas relief, raising seven grounds for relief.  ECF No. 20 at 6.  Because the Petitioner had two pending State claims, the February 8, 2008 motion to withdraw guilty pleas and the May 1, 2008 petition to vacate or

3

(1:09cv2608)

set aside judgment of conviction or sentence, the magistrate judge issued an order staying further

proceedings until all State remedies were exhausted.  ECF No. 20 at 9.  All State claims were

subsequently exhausted, and on April 3, 2012, the stay was lifted.  The magistrate judge found

that Petitioner had procedurally defaulted Grounds One through Seven and recommended

dismissal.  ECF No. 20 at 18, 19.  Petitioner objects to the magistrate judge's finding as to all

Grounds.

### III.  Discussion

#### A.  Grounds One, Six and Seven

Grounds One, Six and Seven are related to Petitioner's appeal that was dismissed by the

Ohio Supreme Court as untimely.  ECF No. 21 at 1-2.  Petitioner had argued the Ohio Supreme

Court erred because it did not factor in the prison mailbox rule when determining the timeliness

of his filing.  ECF No. 21 at 1.  The magistrate judge determined that the prison mailbox rule did

not apply to Petitioner's filing because the rule does not apply to State courts.  ECF No. 20 at 15.

Petitioner now argues that, even if the mailbox rule does not apply in State courts,

"Crim.R.45(E) allows 3 days extra for services by mail."  ECF No. 21 at 1.  Petitioner asserts that

his memorandum in support was therefore due October 13, 2008, the date it was "time-stamped,"

rendering the memorandum timely and the Ohio Supreme Court's dismissal of his appeal

improper.  ECF No. 21 at 1-2.

District courts considering habeas relief are "obligated to accept as valid a state court's

interpretation of state law and rules of practice of that state."  *Vroman v. Brigano*, 346 F.3d 598,

604 (6th Cir. 2003)(courts defer to Ohio State court's finding as to whether petitioner's post-

4

(1:09cv2608)

conviction motion had been submitted according to Ohio's timeliness requirements, citing *Israfil v. Russell*, 276 F.3d, 768, 771-72 (6th Cir. 2001)); *Lyons v. Bradshaw*, 2007WL 915137, at *7 (N.D.Ohio, March 23, 2007) (application of Ohio App. R. 14(C), which provides for an additional three days whenever a party has the right or is required to do some acts within a prescribed period after service by mail, is inapplicable to Rule 26(B) applications and, in any event, court was obligated to accept the State court's interpretation of rules of practice, citing *Vroman*).

Ohio Criminal Rule 45(E) provides for an additional three days whenever a party has the right or is required to do some acts within a prescribed period after service by mail. Crim. R. 45(E), like Ohio App. R. 14(C), only pertains to prescribed time periods which begin after service. *Lyons*, 2001WL 915137, at *7. Petitioner's filing to the Ohio Supreme Court was not due to service. Furthermore, the Court is obligated to accept the State court's interpretation of rules of practice. *See Id.*; *Vroman*, 346 F.3d at 604. Thus, Petitioner's objections to the R&R pertaining to Grounds One, Six and Seven are overruled.

**B. Grounds Two, Three and Four**

The magistrate judge found that Grounds Two, Three and Four, which are related to an allegedly improper confession and insufficient evidence, were never raised on direct appeal, resulting in procedural default. ECF No. 20 at 8, 18. Petitioner appears to argue that he tried to raise the issue on direct appeal, but that his appeal was improperly denied. ECF No. 21 at 2.

Petitioner's direct appeal was properly and timely filed by counsel and raised a single assignment of error regarding Petitioner's sentencing. ECF No. 20 at 4. Petitioner then filed a

5

(1:09cv2608)

*pro se* "Ineffective Assistance of Appellate Counsel Motion, or Motion Substitution of Initial

Brief" with the State appellate court while the first direct appeal was pending.  EC No. 20 at 4-5.

The *pro se* brief argued ineffective assistance of appellate counsel as well as grounds relating to

insufficiency of evidence and illegal confession.  ECF No. 9 at 4.  The appellate court affirmed

the trial court's judgment on April 14, 2008, based upon Petitioner's direct appeal.  ECF No. 20

at 5.  A day later, the same court, construing the "Ineffective Assistance of Appellate Counsel

Motion, or Motion Substitution of Initial Brief" as a Rule 26(B) application, denied the *pro se*

motion on three grounds: 1) Petitioner was still being represented by counsel, 2) that the

application was untimely, and (3) that the application did not include a sworn statement as

required under Ohio Appellate Rule 26(B)(2)(d).  ECF No. 20 at 5.

Petitioner appears to argue his "Ineffective Assistance" brief filed later, on May 1, 2008,

with the trial court along with his motion to vacate his sentence, should have absolved Petitioner

of the procedural requirement of direct appeal.  ECF No. 21 at 2.  However, as the magistrate

judge correctly noted, Grounds Two, Three and Four were not brought on direct appeal, and

Petitioner procedurally defaulted on these claims.

### C.  Ground Five

The trial court denied Petitioner's post-conviction petition alleging ineffective assistance

of trial counsel.  ECF No. 20 at 18.  Petitioner did not appeal that decision.  ECF No. 20 at 18.

Petitioner argues that this claim was "intertwined" with all the other issues "improperly

blo[ck]ed" by the Ohio Supreme Court.  ECF No. 21 at 3.  As stated above, the Ohio Supreme

Court did not improperly block Petitioner's claims.  Petitioner's last argument, that he thought

(1:09cv2608)

the Ground Five claim was not appealable, is without merit.  Despite Petitioner's assertion that

he "essentially attempted to comply with all State Procedural Rules," his claims for relief are

procedurally barred.

### IV.  Conclusion

For the reasons stated above, the Court adopts the R&R (ECF No. 20) in its entirely, and

dismisses Petitioner Hubaker's petition in full.  The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from its decision could not be taken in good faith, and that there is no

basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P.

22(b).


IT IS SO ORDERED.


  December 19, 2012                               /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                              United States District Judge

7